***EFILED***
Case Number 2020L 001263
Date: 9/2/2020 1:34 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

A.W.⬛⬛⬛, a Minor, by her Mother )
AND NEXT FRIEND, HEATHER TURNER, )
)                                    2020L 001263
                Plaintiffs,        )
)
VS.                                )        NO.  20-L-
)
DR. MELVIN MERRITT, GRANITE CITY ILLINOIS )
HOSPITAL COMPANY, LLC, D/B/A GATEWAY REGIONAL )
MEDICAL CENTER, ITS AGENTS, SERVANTS AND/OR )
EMPLOYEES, SOUTHERN ILLINOIS HEALTHCARE )
FOUNDATION, INC. ITS AGENTS, SERVANTS AND/OR )
EMPLOYEES,                         )
)
                Defendants.        )

### COMPLAINT AT LAW

NOW COME Plaintiffs, A.W.⬛⬛⬛, a Minor, by her Mother, and

Next Friend, HEATHER TURNER, by and through their attorneys,

SCROGGINS LAW OFFICE LTD., against the above-named Defendants, state:

### GENERAL ALLEGATIONS

1. That HEATHER TURNER has been duly appointed Next Friend of

A.W.⬛⬛⬛, a minor under the age of eighteen (18) years.

2. That Plaintiff, HEATHER TURNER, is the natural parent of Minor

Plaintiff, A.W.⬛⬛⬛

3. That at all times pertinent hereto, Plaintiffs were residents of

the City of Granite City, County of Madison, State of Illinois.

### COUNT I

**MEDICAL NEGLIGENCE CLAIM ON BEHALF OF MINOR PLAINTIFF RELATING CARE
PROVIDED BY DEFENDANT GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC CORP.,
D/B/A GATEWAY REGIONAL MEDICAL CENTER, ITS AGENTS, SERVANTS AND/OR
EMPLOYEES**

**EXHIBIT
A**

4. HEATHER TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W.███████, repeats and realleges each and every allegation contained in paragraphs 1 through 3 of the General Allegations with the same force and effect as though more fully set forth herein.

5. That Defendant GRANITE CITY PHYSICIANS GROUP D/B/A GATEWAY REGIONAL MEDICAL CENTER, is an Illinois corporation duly organized and existing under and by virtue of the laws of the State of Illinois (hereinafter referred to as Defendant "GATEWAY"), and operates Defendant GATEWAY in the City of Granite City, County of Madison, State of Illinois; and, at all times pertinent hereto and for many years past, said Defendant had been engaged in the operation and maintenance of said GATEWAY where persons afflicted with illness and disease are given care and treatment for a consideration.

6. That at all times pertinent hereto, Defendant GATEWAY represented and held out to the public, and, in particular, to HEATHER TURNER, mother of Minor Plaintiff A.W.███████, that GATEWAY was equipped, qualified, and prepared to receive the public and, in particular, HEATHER TURNER and her then unborn child, Minor Plaintiff, A.W.███████, for treatment and care and that it employed and maintained on its staff skilled and competent physicians, surgeons, obstetricians, gynecologists, anesthesiologists, pediatricians, residents, interns, nurses and, in general, otherwise competent help in the conduct and operation of said GATEWAY.

7. That at all times pertinent hereto, Defendant, MELVIN MERRITT, M.D., was the apparent, ostensible, express and/or implied agent, servant, and or was employed by Defendant GATEWAY, and was acting within the course and scope of said employment and/or agency when the acts of

negligence and malpractice, herein set forth and described, were committed, thereby imposing vicarious liability on Defendant GATEWAY by reason of the doctrine of Respondeat Superior.

8. That Defendant GATEWAY is responsible for the selection of its medical staff, and for the quality of care rendered in said GATEWAY.

9. That on or about July 26, 2016, HEATHER TURNER, mother of Minor Plaintiff A.W. ████████, did deliver and submit herself to Defendant GATEWAY for the purpose of obtaining medical care and treatment, and HEATHER TURNER, mother of Minor Plaintiff A.W. ████████ did, then and there, impliedly and/or expressly, hire and employ Defendant GATEWAY, its agents, servants and/or employees, including, but not limited to, MELVIN MERRITT, M.D., to do that which was proper and necessary in the premises, in accordance with the standards of hospitals and physicians then prevailing throughout the nation, and that Defendant GATEWAY did, then and there, impliedly and/or expressly, represent to use due, reasonable, and proper skill in the care and treatment of HEATHER TURNER, mother of her then unborn child Plaintiff A.W. ████████, in accordance with the standards then prevailing throughout the nation.

10. That on July 26, 2016, Minor Plaintiff A.W. ████████ was born with hypoxia and severe brain injuries.

11. That at all times pertinent hereto Defendant GATEWAY, by and through its duly authorized agents, servants, and/or employees, undertook to examine, diagnose, treat, attend and care for HEATHER TURNER and her then unborn child, Minor Plaintiff A.W. ████████.

12. That at all times pertinent hereto, Defendant GATEWAY, by and through its duly authorized agents, servants, and/or employees, had the duty to provide HEATHER TURNER, mother of her then unborn child

Plaintiff A.W. █████, with the services of a competent, qualified, and licensed staff of physicians, surgeons, obstetricians, gynecologists, pediatricians, anesthesiologists, radiologists, residents, interns, nurses, and other employees to properly diagnose the condition of HEATHER TURNER, mother of her then unborn child Plaintiff A.W. █████, and to render competent advice and assistance in the care and treatment of their case, and to render the same in accordance with the standards of care prevailing throughout the nation.

13. That Defendant GATEWAY owed Plaintiff the duty to provide her with physicians, surgeons, obstetricians, gynecologists, specialists, professional nursing, technical and support personnel along with the technical, diagnostic and treatment services and equipment necessary to assure the safe performance of the health care undertaken by or in their facility.

14. That Defendant, GATEWAY, by and through its duly authorized agents, servants, and/or employees, including but not limited to Defendant, MELVIN MERRITT, M.D. in disregard of the duties and obligations owed to HEATHER TURNER, mother of her then unborn child Plaintiff A.W. █████, and at variance to the applicable standards of care, were guilty of negligence and malpractice in the following particulars:

   a. Employing physicians and other personnel who were unskilled and untrained for such employment and permitting them to attend, advise, diagnose, and treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████;

   b. Failing and neglecting to employ physicians, surgeons, obstetricians, gynecologists, residents, interns, nurses, and other

medical personnel, who possessed that degree of skill and learning ordinarily possessed by such individuals, all of which could and should have been accomplished;

c. Failing to properly treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ▓▓▓, in accordance with the standard of care for physicians specializing in Obstetrics and Gynecology;

d. Failing to perform a thorough examination of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ▓▓▓, giving special attention to size of the unborn child, A.W. ▓▓▓;

e. Failing to properly treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ▓▓▓, by failing to order an ultrasound to confirm the size of the unborn child, A.W. ▓▓▓;

f. Failing to properly administer the vacuum placement on the unborn child, A.W. ▓▓▓, by placing the vacuum in a "high station" and therefore causing shoulder dystocia and acute profound cord compression;

g. Failing to immediately administer appropriate resuscitation efforts after the delivery of A.W. ▓▓▓;

h. Negligently and improperly maintaining the vacuum device which resulted in multiple "popoffs", and caused the physician to switch vacuum devices, which caused additional oxygen loss to the unborn child, A.W. ▓▓▓.

i. Failing to properly, fully and completely refrain from other acts or omissions constituting malpractice and professional negligence to be discovered.

j. Any and all other additional breaches of the standard of care which may be revealed throughout the course of discovery in this matter given that additional information will, necessarily, come to light through deposition and the production of additional medical records, imaging studies and the like.

k. Failing and neglecting to draft, promulgate, adopt, implement, and/or enforce appropriate rules, regulations, policies, procedures, and orders which would and should have resulted in the appropriate and timely treatment of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████████, as alleged and set forth above, all of which could and should have been accomplished.

15. That as a direct and proximate result of the negligence and malpractice of Defendant GATEWAY, by and through its duly authorized agents, servants and/or employees, including but not limited to MELVIN MERRITT D.O., Minor Plaintiff A.W. ████████ was caused to be delivered vaginally resulting in severe and grievous injuries, including, but not limited to, central nervous system damage with severe mental and profound motor deficits and global developmental delay; and which requires special care and treatment, and who will, for the remainder of her natural life, be required to receive extensive special care and treatment and training.

16. That as a further direct and proximate result of the negligence and malpractice of Defendant GATEWAY, by and through its duly authorized agents, servants and/or employees, including, but not limited to MELVIN MERRITT, D.O., as hereinbefore alleged, minor Plaintiff A.W. ████████ has been required to undergo extensive medical care and treatment, and Minor Plaintiff will be required to undergo said extensive medical and care and treatment in the future requiring Minor Plaintiff to incur vast

expenses and obligations for medical care, including, but not limited to, therapists, nurses, physicians, hospitals, and medicinal substances and things to assist and aid in the caring of Minor Plaintiff so as to permit her to function and live to the extent that is now possible.

17. That as a further direct and proximate result of the negligence and malpractice of Defendant GATEWAY, by and through its duly authorized agents, servants and/or employees, including but not limited to MELVIN MERRITT, D.O., as hereinbefore alleged, Minor Plaintiff A.W. ████████ has suffered an almost complete deprivation of the normal enjoyments of life, as well as suffering pain, disability, disfigurement, humiliation, embarrassment, frustration, elimination of earning capacity, mental and emotional anguish and anxiety.

18. That all of the hereinbefore-named conditions, developments, and sequelae are as a consequence of the negligence and malpractice of the agents, servants and/or employees of Defendant GATEWAY and are permanent in nature.

19. That the Affidavit of Plaintiffs' Attorney and Report of Reviewing Health Professional are filed herewith.

**WHEREFORE**, HEATHER TURNER, mother of her then unborn child Plaintiff A.W. ████████ asks judgment against the Defendant, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC CORP., D/B/A GATEWAY REGIONAL MEDICAL CENTER, an Illinois corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00)plus costs of suit.

## COUNT II

**MEDICAL NEGLIGENCE CLAIM ON BEHALF OF MINOR PLAINTIFF RELATING TO CARE PROVIDED BY DEFENDANT, MELVIN MERRITT, D.O.**

20. HEATHER TURNER, mother of her then unborn child Plaintiff
A.W. ████████████, repeats and re-alleges each and every allegation
contained in paragraphs 1 through 3 of the General Allegations, and
paragraphs 4 through 19, inclusive of COUNT I of this Complaint, with the
same force and effect as though more fully set forth herein.

21. That at all times pertinent hereto, Defendant MELVIN MERRITT,
D.O., was engaged in the practice of his profession in the City of
Granite City, County of Madison, State of Illinois, and held
himself out to the public and, in particular, to HEATHER TURNER, mother
of her then unborn child, Plaintiff A.W. ██████████, as a skilled and
competent medical doctor, specializing in the field of Obstetrics and
Gynecology, capable of properly and skillfully treating and caring for
individuals seeking his services.

22. That at all times pertinent hereto, Defendant MELVIN MERRITT,
D.O., was the express and/or implied agent, servant, and/or employee of
the Defendant, GATEWAY, and at all times pertinent hereto, was acting
within the course and scope of said employment and/or agency when the
acts of negligence and malpractice, hereinafter set forth and described,
were committed, thereby imposing vicarious liability on Defendant
GATEWAY, by reason of the doctrine of Respondeat Superior.

23. That on or about July 25, 2016, HEATHER TURNER, mother of her
then unborn child Plaintiff A.W. ██████████, did deliver and submit
herself to the Defendant GATEWAY for the purpose of obtaining medical
care and treatment, and came under the care of Defendant MELVIN MERRITT,
D.O.; and HEATHER TURNER, mother of her then unborn child Plaintiff
A.W. ██████████, did, then and there, impliedly and/or expressly hire and
employ Defendant, GATEWAY and its agent, servant and/or employee,

Defendant MELVIN MERRITT, D.O., to do that which was proper and necessary in the premises, in accordance with the standards of medical physicians and surgeons, specializing in the field of Obstetrics and Gynecology, then prevailing throughout the nation, and said Defendant, GATEWAY and MELVIN MERRITT, D.O., did, then and there, impliedly and/or expressly, represent to use due, reasonable and proper skill in the care and treatment of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████████, in accordance with the standards of care then prevailing throughout the nation.

24. That at all times pertinent hereto, Defendant, MELVIN MERRITT, D.O., undertook to examine, diagnose, treat, attend and care for HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████████.

25. That at all times pertinent hereto, Defendant, MELVIN MERRITT, D.O., owed HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████████, the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by doctors and surgeons specializing in the field of Obstetrics and Gynecology, and to use reasonable care and diligence in the exercise of his skills and the application of his learning in the care and treatment of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████████, and to render same in accordance with the applicable standards of care prevailing throughout the nation.

26. That on or about July 25, 2016, HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. █████████ was admitted to GATEWAY and on July 26, 2016, did deliver and submit herself to Defendant GATEWAY for the purpose of obtaining medical care and treatment, and Minor Plaintiff, A.W. █████████, was born with a hypoxic brain injury.

27. That Defendant, MELVIN MERRITT, D.O., in disregard to the duties and obligations owed to HEATHER TURNER, mother of her then unborn child Plaintiff, A.W. ███, and at variance to the applicable standards of care, was guilty of negligence and malpractice in the following particulars:

   a. Failing to properly treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ███, in accordance with the standard of care for physicians specializing in Obstetrics and Gynecology;

   b. Failing to perform a thorough examination of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ███, giving special attention to size of the unborn child, A.W. ███ A.W. ███

   c. Failing to properly treat HEATHER TURNER, mother of her then unborn child Plaintiff A.W. ███, by ordering an ultrasound to confirm the size of the unborn child, A.W. ███;

   d. Failing to properly administer the vacuum placement to the unborn child, A.W. ███, by placing the vacuum in a "high station" and therefore causing shoulder dystocia and acute profound cord compression.

   e. Failing to immediately administer appropriate resuscitation efforts after the delivery of A.W. ███;

   f. Negligently and improperly maintaining the vacuum device, resulting in multiple "popoffs", causing the physician to switch vacuum device, and causing additional oxygen loss to the unborn child, A.W. ███.

g. Properly, fully and completely refrain from other acts or omissions constituting malpractice and professional negligence to be discovered.

h. Any and all other additional breaches of the standard of care which may be revealed throughout the course of discovery in this matter given that additional Information will, necessarily, come to light through deposition and the production of additional medical records, imaging studies and the like.

28. That as a direct and proximate result of the negligence and malpractice of Defendant MELVIN MERRITT, D.O., Minor Plaintiff A.W. A.W. was caused to be delivered vaginally, resulting in severe and grievous injuries, including, but not limited to, central nervous system damage with mental and motor deficits and global developmental delay; and requires special care and treatment, and will, for the remainder of her natural life, be required to receive special care and treatment, education, and training.

29. That as a further direct and proximate result of the negligence and malpractice of Defendant MELVIN MERRITT, D.O., as hereinbefore alleged, Minor Plaintiff A.W. has been required to undergo extensive medical care and treatment, and Minor Plaintiff will be required to undergo medical care and treatment in the future requiring Minor Plaintiff to incur expenses and obligations for medical expenses, including, but not limited to, therapists, nurses, physicians, hospitals, and medicinal substances and things to assist and aid in the caring of Minor Plaintiff so as to permit her to function and live to the extent that is now possible.

30. That as a further direct and proximate result of the negligence and malpractice of Defendant MELVIN MERRITT, D.O., as hereinbefore alleged, Minor Plaintiff A.W. ▓▓▓▓ has suffered a deprivation of the normal enjoyments of life, as well as suffering pain, disability, disfigurement, humiliation, embarrassment, frustration, diminution of earning capacity, mental and emotional anguish and anxiety.

31. That all of the hereinbefore-named conditions, developments, and sequelae are as a consequence of the negligence and malpractice of Defendant MELVIN MERRITT, D.O., and are permanent in nature.

32. That the Affidavit of Plaintiffs' Attorney and Report of Reviewing Health Professional are filed herewith.

WHEREFORE, HEATHER TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W. ▓▓▓▓, asks judgment against the Defendant, MELVIN MERRITT, D.O., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

## COUNT III

### DAMAGE CLAIM ON BEHALF OF PLAINTIFF RELATING TO INJURIES SUSTAINED BY MINOR PLAINTIFF AS A RESULT OF NEGLIGENT MEDICAL CARE PROVIDED BY DEFENDANT

33. Plaintiff, HEATHER TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W. ▓▓▓▓, repeats and re-alleges each and every allegation contained in paragraphs 1 through 3 of the General Allegations, and paragraphs 4 through 32, inclusive of COUNT I and COUNT II of this Complaint, with the same force and effect as though more fully set forth herein.

34. That as a direct and proximate result of the negligence and malpractice of the Defendants, as hereinbefore alleged, Plaintiff HEATHER

TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W. ███ , has been required to expend large sums of money on behalf of the Minor Plaintiff A.W. ██████ for doctors, nurses, hospitals, therapists, medicines and things, and will be required to expend similar sums in the future.

35. That as a further direct and proximate result of the negligence and malpractice of the Defendants, as hereinbefore alleged, Plaintiff HEATHER TURNER has been required to expend extraordinary time and energy for the special care and attention rendered to her daughter, Minor Plaintiff A.W. ██████ , including, but not limited to, nursing care, physical and occupational therapy, hospital and doctor visits, special education and training. That, as a consequence thereof, said Plaintiff requests compensation for the value of such extraordinary services rendered and time incurred.

36. That as a further direct and proximate result of the negligence and malpractice of the Defendants, as hereinbefore alleged, Plaintiff has been deprived, and will be deprived in the future, of the companionship, society, services and income of Minor Plaintiff A.W. ██████.

37. That as a further direct and proximate result of the negligence and malpractice of the Defendants, as hereinbefore alleged, Plaintiffs daughter, A.W. ██████ , was injured as aforesaid, and as a direct and proximate result thereof, Plaintiff HEATHER TURNER has been caused intentional infliction of emotional distress and has and will suffer humiliation, anxiety, mortification and anguish, and said suffering will continue as the problems of raising, counseling, and nurturing the Minor Plaintiff will be present for the remainder of her life.

38. WHEREFORE, Plaintiff HEATHER TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W. ███████, asks judgment against the Defendants, MELVIN MERRITT, D.O., in an amount in excess of FIFTY THOUSAND DOLLARS ($50.000.00) plus costs of suit.

### COUNT IV

**MEDICAL NEGLIGENCE CLAIM ON BEHALF OF MINOR PLAINTIFF RELATING CARE PROVIDED BY DEFENDANT SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., ITS AGENTS, SERVANTS AND/OR EMPLOYEES**

39. Plaintiff, HEATHER TURNER, as the Mother and Next Friend of the Minor Plaintiff, A.W. ███████, repeats and re-alleges each and every allegation contained in paragraphs 1 through 3 of the General Allegations, and paragraphs 1 through 38, inclusive of COUNT I, COUNT II, and COUNT III of this Complaint, with the same force and effect as though more fully set forth herein.

40. That Defendant SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., is an Illinois corporation duly organized and existing under and by virtue of the laws of the State of Illinois (hereinafter referred to as Defendant "SIHF"), and operates Defendant SIHF in the City of Granite City, County of Madison, State of Illinois; and, at all times pertinent hereto and for many years past, said Defendant had been engaged in the operation and maintenance of said SIHF where persons afflicted with illness and disease are given care and treatment for a consideration.

41. That at all times pertinent hereto, Defendant SIHF represented and held out to the public, and, in particular, to HEATHER TURNER, mother of Minor Plaintiff A.W. ███████, that SIHF was equipped, qualified, and prepared to receive the public and, in particular, HEATHER TURNER and her then unborn child, Minor Plaintiff, A.W. ███████, for treatment and care and that it employed and maintained on its staff skilled and

competent physicians, surgeons, obstetricians, gynecologists, anesthesiologists, pediatricians, residents, interns, nurses and, in general, otherwise competent help in the conduct and operation of said SIHF.

42. That at all times pertinent hereto, Defendant, MELVIN MERRITT, M.D., was the apparent, ostensible, express and/or implied agent, servant, and or was employed by Defendant SIHF, and was acting within the course and scope of said employment and/or agency when the acts of negligence and malpractice, herein set forth and described, were committed, thereby imposing vicarious liability on Defendant SIHF by reason of the doctrine of Respondeat Superior.

43. That Defendant SIHF is responsible for the selection of its medical staff, and for the quality of care rendered in said GATEWAY.

44. That on or about July 26, 2016, HEATHER TURNER, mother of Minor Plaintiff A.W. ██████████, did deliver and submit herself to Defendant SIHF for the purpose of obtaining medical care and treatment, and HEATHER TURNER, mother of Minor Plaintiff A.W. ██████████ did, then and there, impliedly and/or expressly, hire and employ Defendant SIHF, its agents, servants and/or employees, including, but not limited to, MELVIN MERRITT, M.D., to do that which was proper and necessary in the premises, in accordance with the standards of hospitals and physicians then prevailing throughout the nation, and that Defendant SIHF did, then and there, impliedly and/or expressly, represent to use due, reasonable, and proper skill in the care and treatment of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ██████████, in accordance with the standards then prevailing throughout the nation.

45. That on July 26, 2016, Minor Plaintiff A.W. ███████ was born with hypoxia and severe brain injuries

46. That at all times pertinent hereto Defendant SIHF, by and through its duly authorized agents, servants, and/or employees, undertook to examine, diagnose, treat, attend and care for HEATHER TURNER and her then unborn child, Minor Plaintiff A.W. ████████.

47. That at all times pertinent hereto, Defendant SIHF, by and through its duly authorized agents, servants, and/or employees, had the duty to provide HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████████, with the services of a competent, qualified, and licensed staff of physicians, surgeons, obstetricians, gynecologists, pediatricians, anesthesiologists, radiologists, residents, interns, nurses, and other employees to properly diagnose the condition of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████ A.W. ███, and to render competent advice and assistance in the care and treatment of their case, and to render the same in accordance with the standards of care prevailing throughout the nation.

48. That Defendant SIHF owed Plaintiff the duty to provide her with physicians, surgeons, obstetricians, gynecologists, specialists, professional nursing, technical and support personnel along with the technical, diagnostic and treatment services and equipment necessary to assure the safe performance of the health care undertaken by or in their facility.

49. That Defendant, SIHF, by and through its duly authorized agents, servants, and/or employees, including but not limited to Defendant, MELVIN MERRITT, M.D. in disregard of the duties and

obligations owed to HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ███████, and at variance to the applicable standards of care, were guilty of negligence and malpractice in the following particulars:

a. Employing physicians and other personnel who were unskilled and untrained for such employment and permitting them to attend, advise, diagnose, and treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████████;

b. Failing and neglecting to employ physicians, surgeons, obstetricians, gynecologists, residents, interns, nurses, and other medical personnel, who possessed that degree of skill and learning ordinarily possessed by such individuals, all of which could and should have been accomplished;

c. Failing to properly treat HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████████, in accordance with the standard of care for physicians specializing in Obstetrics and Gynecology;

d. Failing to perform a thorough examination of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ██████████, giving special attention to size of the unborn child, A.W. █████████;

e. Failing to properly treat HEATHER TURNER, mother of her then unborn child Plaintiff, A.W. ████████, by failing to order an ultrasound to confirm the size of the unborn child, A.W. █████████;

f. Failing to properly administer the vacuum placement on the unborn child, A.W. ████████, by placing the vacuum in a "high station" and therefore causing shoulder dystocia and acute profound cord compression.

g. Failing to immediately administer appropriate resuscitation efforts after the delivery of A.W. ████████;

h. Negligently and improperly maintaining the vacuum device, resulting in multiple "popoffs", causing the physician to switch vacuum device, and causing additional oxygen loss to the unborn child, A.W. ████████.

i. Failing to properly, fully and completely refrain from other acts or omissions constituting malpractice and professional negligence to be discovered.

j. Any and all other additional breaches of the standard of care which may be revealed throughout the course of discovery in this matter given that additional information will, necessarily, come to light through deposition and the production of additional medical records, imaging studies and the like.

k. Failing and neglecting to draft, promulgate, adopt, implement, and/or enforce appropriate rules, regulations, policies, procedures, and orders which would and should have resulted in the appropriate and timely treatment of HEATHER TURNER, mother of her then unborn child, Plaintiff A.W. ████████, as alleged and set forth above, all of which could and should have been accomplished.

50. That as a direct and proximate result of the negligence and malpractice of Defendant SIHF, by and through its duly authorized agents, servants and/or employees, including but not limited to MELVIN MERRITT D.O., Minor Plaintiff A.W. ████████ was caused to be delivered vaginally resulting in severe and grievous injuries, including, but not limited to, central nervous system damage with mental and motor deficits and global developmental delay; and which requires special care and

treatment, and who will, for the remainder of her natural life, be required to receive special care and treatment, education, and training.

51. That as a further direct and proximate result of the negligence and malpractice of Defendant SIHF, by and through its duly authorized agents, servants and/or employees, including, but not limited to MELVIN MERRITT, D.O., as hereinbefore alleged. Minor Plaintiff A.W. has been required to undergo extensive medical care and treatment, and Minor Plaintiff will be required to undergo medical care and treatment in the future requiring Minor Plaintiff to incur expenses and obligations for medical expenses, including, but not limited to, therapists, nurses, physicians, hospitals, and medicinal substances and things to assist and aid in the caring of Minor Plaintiff so as to permit her to function and live to the extent that is now possible.

52. That as a further direct and proximate result of the negligence and malpractice of Defendant SIHF, by and through its duly authorized agents, servants and/or employees, including but not limited to MELVIN MERRITT, D.O., as hereinbefore alleged, Minor Plaintiff A.W. has suffered a deprivation of the normal enjoyments of life, as well as suffering pain, disability, disfigurement, humiliation, embarrassment, frustration, diminution of earning capacity, mental and emotional anguish and anxiety.

53. That all of the hereinbefore-named conditions, developments, and sequelae are as a consequence of the negligence and malpractice of the agents, servants and/or employees of Defendant SIHF and are permanent in nature.

54. That the Affidavit of Plaintiffs' Attorney and Report of Reviewing Health Professional are filed herewith.

**WHEREFORE**, HEATHER TURNER, mother of her then unborn child Plaintiff A.W. asks judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., an Illinois corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit.

/s/Morgan Scroggins #06202541
SCROGGINS LAW OFFICE LTD.
1506 Johnson Road, Ste. 200
Granite City, IL  62040
(618) 876-5300
fax:  (618) 876-5135
e-mail:scroggins_law@juno.com

***EFILED***
Case Number 2020L 001263
Date: 9/2/2020 1:34 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

A.W.       , a Minor, by her Mother )
AND NEXT FRIEND, HEATHER TURNER, )
)
             Plaintiffs, )
)
VS. )
)
DR. MELVIN MERRITT, GRANITE CITY ILLINOIS )
HOSPITAL COMPANY, LLC, D/B/A GATEWAY REGIONAL )
MEDICAL CENTER, ITS AGENTS, SERVANTS AND/OR )
EMPLOYEES, SOUTHERN ILLINOIS HEALTHCARE )
FOUNDATION, INC. ITS AGENTS, SERVANTS AND/OR )
EMPLOYEES, )
)
            Defendants.

2020L 001263

NO.  20-L-

## AFFIDAVIT OF PLAINTIFF'S ATTORNEY

MORGAN SCROGGINS, being first duly sworn states:

    1. I am one of the attorneys representing the Plaintiff in the above-captioned cause.

    2. Before filing the Complaint, Affiant consulted and reviewed the facts of this case with a health professional who Affiant believes: (i) is knowledgeable as to relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught with the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a)through (d) of Section 8-2501.

    3. The written report of the reviewer, which states that after a review of the relevant material involved in this action that there is reasonable and meritorious cause for the filing of such action, Is attached hereto.

4. The Affiant has concluded, on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.

FURTHER AFFIANT SAYETH NOT.

_____

MORGAN SCROGGINS

Subscribed and sworn to before me on this 1st day of September , 20 20 .

_____

Notary Public

KELLY D HAXTON
Official Seal
Notary Public - State of Illinois
My Commission Expires Jan 20, 2023

\*\*\*EFILED\*\*\*
Case Number 2020L 001263
Date: 9/2/2020 1:34 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**Mark B. Landon M.D.**
**500 South Parkview Avenue**
**Apt. 408**
**Bexley, Ohio 43209**

August 31, 2020

Morgan Scroggins
Philip Baldwin
Scroggins Law Office Ltd.
1506 Johnson Road
Suite 200
Granite City, Illinois 62040

**Re:** A.W. ▮▮▮▮▮▮▮▮

Dear Mr. Scroggins,

At your request, I have reviewed the following materials:

1. Prenatal records of Heather Turner
2. Intrapartum records from Cardinal Glennon
3. Neonatal records for A.W. ▮▮▮▮▮▮
4. Additional records for A.W. ▮▮▮▮▮▮

I am presently Professor and Chairman of the Department of Obstetrics and Gynecology at the Ohio State University College of Medicine. I am board certified in both obstetrics and maternal fetal medicine. I am active in the practice of obstetrics. My opinions are held to a reasonable degree of medical certainty.

## CASE SUMMARY

Heather Turner was a 21-year-old primigravid woman with a due date of 7/29/16. She was 5 feet 1 inch and weighed in excess of 200 lbs. at the time of the delivery of A.W. ▮▮▮▮▮▮▮. Her prenatal course

1

was also complicated by an abnormal one-hour glucose screening test (168 mg/dl on 4/27/16). Her three hour OGTT was normal which was performed on 5/12/16. On 7/25/16, she was admitted to the hospital for induction of labor as she was felt to have a large baby. The clinical estimated weight was 3800g. A prior ultrasound on 7/13/16 had estimated the weight at 3600g. Fundal height was large at 45cm, consistent with a large fetus. Cervidil and oxytocin were used for induction. At 0547 on 7/26/16, her cervix had reached 9cm dilation with the vertex at plus one station. At 0600, there was remaining cervix on the left side. Pushing commenced at 0714. The fetal tracing remained reassuring. Vacuum was placed at 0754 with the indication reported as maternal exhaustion. The recorded station was plus 2, although the record states that caput was present. A total of 5 pop offs occurred with crowning eventually noted. Once moved to the OR, an additional 4 pop-offs occurred. These events support the fact that the fetal station was above plus 2 at the time of the attempted vacuum extraction. Shoulder dystocia was encountered which could not be successfully reduced and a Zavenelli maneuver was performed (head replaced into the vagina). A cesarean was then performed with delivery of A.W. 4780g birth weight at 0848. Apgar scores were 0/1/2 indicating birth depression. A.W. sustained hypoxic brain injury as a result of the shoulder dystocia event.

## OPINIONS

It is my opinion that Dr. Merritt failed to meet acceptable standards of care for the management of Ms. Turner's delivery of A.W.. These deviations were proximate in causing A.W.s hypoxic brain injury. My specific opinions are as follows:

1. Dr. Merritt was well aware of the fact that A.W. was a large baby and as such did not exercise proper judgment in the decision to employ the vacuum device in this case.
2. The fetal station at vacuum placement was  higher than plus 2 (caput noted), making this a midpelvic operative vaginal delivery. The combination of midpelvic operative delivery and a macrosomic fetus (extrapolated estimated weight from prior ultrasound in excess of 4100g) made the placement of the vacuum a very risky procedure for subsequent shoulder dystocia.

2

Moreover, the maternal habitus ( height 5'1") should have raised a question about pelvic capacity given the circumstances (large fetus) cited above.

3. After only 40 minutes of second stage the vacuum was placed for "maternal exhaustion". Given the large fetus and high station, the correct plan of action should have been to allow Ms. Turner to rest and to make her comfortable before proceeding with delivery. This would have allowed her to potentially gain further station and significantly reduce the need for operative vaginal delivery at a high station, which resulted in the shoulder dystocia. Alternatively, if no station was gained, cesarean section would need to be strongly considered and the options including risk/benefits of this approach would need to be shared with Ms. Turner. Unfortunately, Dr. Merritt chose to disregard the obvious risk he was placing Ms. Turner and her unborn baby at and preceded with repeated attempts to deliver the baby with the vacuum despite multiple pop offs.

4. The shoulder dystocia was associated with acute profound cord compression leading to hypoxia and brain injury to A.W. This injury was entirely preventable.

I remain available to you for further review of this matter.

Sincerely,

Mark B. Landon M.D.

3