UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **A.W., a minor, by and through her Mother and Next Friend, HEATHER TURNER,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**DR. MELVIN MERRITT, GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC, d/b/a GATEWAY REGIONAL MEDICAL CENTER, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 3:20-cv-01302-GCS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## M<small>EMORANDUM</small> & O<small>RDER</small>

**SISON, Magistrate Judge:**

On September 2, 2020, minor Plaintiff A.W. filed a complaint against Defendants Dr. Melvin Merritt, Granite City Illinois Hospital Company, LLC, d/b/a Gateway Regional Medical Center, and Southern Illinois Healthcare Foundation, Inc. ("SIHF"), by and through her mother and Next Friend, Heather Turner. (Doc. 1, Exh. A). In her complaint, Plaintiff alleges medical malpractice and negligence against both defendants. Specifically, Plaintiff states that, as an employee and agent of SIHF, Defendant Merritt negligently employed a vacuum procedure to induce A.W.'s labor, though A.W.'s large size made such a procedure dangerous. (*See* Doc. 1, Exh. A). As a result of the dangerous procedure, A.W. was deprived oxygen and suffered hypoxia and brain injuries at birth.

(Doc. 1, Exh. A, Counts I & II). Plaintiff seeks monetary damages from both defendants for A.W.'s extensive medical care and treatment, physical and mental pain and suffering, and the deprivation of A.W.'s normal enjoyments of life. (Doc. 1, Exh. A, Count III).

Plaintiff initially brought this claim in the Third Judicial Circuit of Madison County, Illinois. (Doc. 3). However, on or before January 1, 2015, the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services deemed Defendant SIHF a Public Health Service employee under 42 U.S.C. § 233(g). (Doc. 1, Exh. B). Accordingly, and pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), since that date, SIHF was covered by Federal Tort Claims Act malpractice coverage; as an employee of SIHF, Defendant Merritt is also covered. (Doc. 1, Exh. B).

On December 7, 2020, Defendants removed the case to this Court pursuant to 42 U.S.C. § 233. At the same time, and on behalf of the defendants, the United States of America moved to dismiss the defendants with prejudice and to substitute the United States as a defendant in their stead. Plaintiff has not responded, and the time to do so has now elapsed. *See* SDIL Local Rule 7.1(c)(1). *See also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(applying a local rule which stated that when a party failed to appropriately convert facts set forth in an opposing party's motion, those facts would be deemed admitted). For the following reasons, Defendants' motion is **GRANTED.**

When a Public Health Service employee or officer's performance of medical functions causes damages, including personal injury or death, the only available remedy is a Federal Torts Claims Act lawsuit against the United States. *See* 42 U.S.C. § 233(a).

Moreover, if a plaintiff files such a suit in State court, upon certification by the Attorney General that the defendants acted within the scope of their employment during the incident in question, the proceeding must be removed to the United States district court embracing the place where the suit was initially pending. *See* 42 U.S.C. § 233(c).[1] That proceeding is also to be deemed a tort action "brought against the United States under the provisions of Title 28 and all references thereto." *Id.* After removal, the court must dismiss the certified parties from the case and substitute the United States; the case then proceeds under the Federal Tort Claims act. *See* 28 U.S.C. § 2679(d)(2); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007). Such certification also extends to employees of the certified federally-funded public health center. *See, e.g.*, *Helms v. Atrium Health Care, et al.*, No. 10-547-GPM, 2010 WL 3937606, at *2 (S.D. Ill. Oct. 5, 2010)(comparing the term "employees" under the Westfall Act to the term as used in the FSHCAA).

    The United States removed this case from Madison County to this Court pursuant to certification under 42 U.S.C. § 233(c). (Doc. 1). Furthermore, the Chief of the Civil Division for the United States Attorney's Office for the Southern District of Illinois has certified that SIHF and Defendant Merritt are "deemed" federal employees acting within the scope of their employment at the time of the incident giving rise to Plaintiff's complaint. (*See* Doc. 1, Exh. C). Accordingly, the only remedy available to Plaintiff is a

---

[1] A United States Attorney is permitted to issue such certification in lieu of the Attorney General; the United States Attorney is also permitted to delegate that authority. *See* 28 C.F.R. § 15.4(a).

Federal Torts Claims Act lawsuit against the United States pursuant to 42 U.S.C. § 233(a) and (c).

For the foregoing reasons, Defendants' motion to substitute is **GRANTED.** The Court directs the Clerk of the Court to dismiss Defendants Merritt and Southern Illinois Healthcare Foundation, Inc., with prejudice and add the United States as a defendant to this case.

**IT IS SO ORDERED.**

**DATED: January 5, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.01.05 13:16:07 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**