UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **A.W., a Minor, by and through her mother and next friend, HEATHER TURNER,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. 3:20-cv-01302-GCS |
| vs. | ) ) ) | |
| **GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., and MELVIN MERRITT,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

## INTRODUCTION AND BACKGROUND

On September 2, 2020, minor Plaintiff A.W. filed a complaint against Defendants Dr. Melvin Merritt and Southern Illinois Healthcare Foundation, Inc. ("SIHF"), by and through her mother and Next Friend, Heather Turner. (Doc. 1, Exh. A). In her complaint, Plaintiff alleges medical malpractice and negligence against both defendants. Specifically, Plaintiff states that, as an employee and agent of SIHF, Defendant Merritt negligently employed a vacuum procedure to induce A.W.'s labor even though A.W.'s large size made such a procedure dangerous. *See* (Doc. 1, Exh. A). As a result of the dangerous procedure, A.W. was deprived of oxygen and suffered hypoxia and brain injuries at birth. (Doc. 1, Exh. A, Counts I & II). Plaintiff seeks monetary damages from

both defendants for A.W.'s extensive medical care and treatment, physical and mental pain and suffering, and the deprivation of A.W.'s normal enjoyments of life. (Doc. 1, Exh. A, Count III).

Plaintiff initially brought this claim in the Third Judicial Circuit of Madison County, Illinois. (Doc. 3). However, on or before January 1, 2015, the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services deemed Defendant SIHF a Public Health Service employee under 42 U.S.C. § 233(g). (Doc. 1, Exh. B). Since that date and pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), SIHF was covered by Federal Tort Claims Act malpractice coverage; as an employee or contractor of SIHF, Defendant Merritt was also covered. (Doc. 1, Exh. B).[1] On December 7, 2020, Defendants removed the case to this Court pursuant to 42 U.S.C. § 233(c). (Doc. 1). At the same time, and on behalf of the defendants, the United States of America moved to dismiss the defendants with prejudice and to substitute the United States as a defendant. (Doc. 3).

On January 7, 2021, Plaintiff filed a motion to remand the case back to the Third Judicial Circuit of Madison County, Illinois, alleging that Defendants' motion to remove lacked the evidence required by the statutory language of 42 U.S.C. § 233(g)(2)(5)(B). (Doc. 16). Shortly thereafter, on January 15, 2021, Plaintiff filed a motion for an extension of time to respond to Defendants' motion to substitute and for limited discovery, arguing

---

[1] Plaintiff rejects this contention of fact, alleging that Defendant Merritt may not meet the criteria required by § 233 to qualify for coverage and substitution. (Doc. 23, p. 2). For the reasons outlined below, the Court finds that Defendant Merritt is qualified for coverage under § 233.

that limited discovery was necessary to determine whether Defendant Merritt was a contractor or employee of SIHF, though Plaintiff conceded that SIHF itself was covered by § 233. (Doc. 20).[2] All three motions before the Court involve the same argument regarding Defendant Merritt's status as an employee or a contractor. As such, the Court proceeds to consider Defendants' motion to substitute (Doc. 3), Plaintiff's motion to remand (Doc. 16), and Plaintiff's motion for limited discovery. (Doc. 20).

For the following reasons, Defendants' motion to substitute is **GRANTED.** Plaintiff's motion for limited discovery and Plaintiff's motion to remand are **DENIED.**

## ANALYSIS

When a Public Health Service's employee or officer's performance of medical functions causes damages, including personal injury or death, the only available remedy is a Federal Torts Claims Act lawsuit against the United States. *See* 42 U.S.C. § 233(a). However, the Secretary of Health and Human Services, or the Secretary's designee (the "Secretary"), may provide liability insurance for any officer or employee of a Public Health Service acting within the scope of their employment. *See* 42 U.S.C. § 233(f). The Secretary may deem an entity a Public Health Service and may deem an individual to be a covered employee of that Public Health Service if certain conditions are met. *See* 42 U.S.C. § 233(g).

---

[2] Although the United States asserts that it provided Plaintiff with limited discovery pertaining to Defendant Merritt's employment status with SIHF shortly after Plaintiff's motion for discovery (Doc. 21, 3), Plaintiff still alleges that further discovery is necessary to determine whether Defendant Merritt is a contractor for, rather than an employee of, SIHF. (Doc. 24, p. 2).

If a plaintiff files suit against a covered employee or Public Health Service in state court, upon certification by the Attorney General that the defendants acted within the scope of their employment during the incident in question, the proceeding must be removed to the United States district court covering the area where the suit was initially pending. *See* 42 U.S.C. § 233(c). That proceeding is also "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." *Id*. After removal, the court must dismiss the certified parties from the case and substitute the United States; the case then proceeds under the Federal Tort Claims Act (commonly referred to as the "Westfall Act"). *See* 28 U.S.C. § 2679(d)(2); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007). Such certification also extends to employees of the certified federally-funded public health center. *See Helms v. Atrium Health Care, et al.*, No. 10-547-GPM, 2010 WL 3937606, at *2 (S.D. Ill. Oct. 5, 2010).

Though similar, the FSHCAA is in addition to and distinct from the Westfall Act, which provides a limited waiver of the sovereign immunity of the United States in cases concerning federal employees. Whereas the FSHCAA provides specific protections for covered public health service employees, the Westfall Act provides broader coverage for covered "government employees." 28 U.S.C. § 2679(b)(1). Just as in the FSHCAA, the Attorney General may deem a defendant employee of a federal agency a "government employee;" that defendant would then be substituted with the United States in pending litigation. *See generally*, 28 U.S.C. § 2679.

Plaintiff correctly points out that the Westfall Act explicitly excludes contractors from coverage. (Doc. 23, p. 2, citing 28 U.S.C. § 2671). However, unlike the Westfall Act,

the FSHCAA specifically includes contractors as individuals that qualify for potential protection. For instance, Section 233 provides that the "deeming of any entity or officer, governing board member, employee, or *contractor* of the entity to be an employee of the Public Health Service for purposes of this section shall apply with respect to services provided . . ." 42 U.S.C. § 233(g)(1)(B) (emphasis added). Subsection (D) of that same section further states that the government "may not . . . deem an entity or an officer, governing board member, employee, or *contractor* of the entity" for coverage unless that party first appropriately applies for such coverage. 42 U.S.C. § 233(g)(1)(D) (emphasis added). Finally, subsection (E) mandates that the government's determination that "an entity or an officer, governing board member, employee, or *contractor* of the entity is deemed to be an employee of the Public Health Service for purposes of this section shall apply for the period specified by the Secretary under subparagraph (A)." 42 U.S.C. § 233(g)(1)(E) (emphasis added).

Defendants removed this case from the Third Judicial Circuit to this Court pursuant to certification under 42 U.S.C. § 233(c). (Doc. 1). Furthermore, the Chief of the Civil Division for the United States Attorney's Office for the Southern District of Illinois[3] has certified that SIHF and Defendant Merritt are "deemed" to be federal employees acting within the scope of their employment at the time of the incident giving rise to Plaintiff's complaint. *See* (Doc. 1, Exh. C). Accordingly, the only remedy available to

---

[3] A United States Attorney is permitted to issue such certification in lieu of the Attorney General, or to delegate that authority. *See* 28 C.F.R. § 15.4(a). Here, a United States Attorney delegated that authority to the Chief of the Civil Division for the United States Attorney's Office for the Southern District of Illinois. (Doc. 3, p. 2).

Plaintiff is a Federal Torts Claims Act lawsuit against the United States pursuant to 42 U.S.C. § 233(a) and (c).

Plaintiff argues that limited discovery is necessary to determine Defendant Merritt's employment status and that this discovery could support remanding the case and denying Defendants' motion to substitute. Specifically, Plaintiff asserts that it is possible that Defendant Merritt works less than the 32.5 hours per week at SIHF required for contractors to receive coverage under the FSHCAA. (Doc. 16, p. 2); *see also* 42 U.S.C. § 233(g)(5)(A)). Plaintiff additionally contends that further discovery could reveal whether Defendant Merritt should correctly be excluded from coverage under the FSHCAA. (Doc. 24, p. 3). Section 233(i), for instance, outlines the factors the Attorney General considers in disqualifying someone from protection or coverage after a deeming determination has been made. 42 U.S.C. § 233(i). However, because the Court cannot review the Secretary's determination, both arguments fail.

Once the Secretary deems an individual to be an employee of a Public Health Service, that determination is binding on the Secretary, the Attorney General, and all other parties to the civil action, including the Court. *See* 42 U.S.C. § 233(g)(1)(F); *see also Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007). Such a determination also includes contractors. For instance, in *Alexander*, the Secretary deemed the defendant doctor a contractor of a Public Health Service under the FSHCAA. *Id.* at 890. However, the plaintiff challenged the district court's subject matter jurisdiction on the grounds the United States was improperly substituted for the defendant. Specifically, the plaintiff argued that the defendant did not personally contract with a federally-

funded health center, as required by the FSHCAA. *Id.* During the litigation, the government admitted that the defendant was mistakenly deemed a contractor of a Public Health Service without meeting the FSHCAA's qualifications. *Id.* at 892-893. Nevertheless, the Seventh Circuit Court of Appeals affirmed the district court's finding of subject matter jurisdiction. *Id.* at 895. The Court noted that the "final and binding nature of the government's determination would be meaningless if the losing party could challenge the government's interpretation of each word in § 233(g)(1)(F)." Moreover, the Court held that even if the United States were no longer a defendant in the case, the district court would properly retain subject matter jurisdiction. *Id.* (analogizing remand after the Attorney General certification under the FSHCAA to *Osborn v. Haley*, 127 S. Ct. 881, 895 (2007), in which the Supreme Court held that the Westfall Act ensured a case in which the Attorney General certified a defendant as acting within the scope of their employment would never be remanded to the state system). Accordingly, even if Plaintiff is correct in her contention that Defendant Merritt does not work enough hours to qualify as a contractor under the FSHCAA, or that Defendant Merritt is excluded from consideration under § 233(i), the Court cannot invalidate the Secretary's decision to deem Defendant Merritt a contractor of SIHF.[4]

---

[4] The Court further notes that even if Defendant Merritt works less than 32.5 hours per week with SIHF, the FSHCAA provides exceptions to this requirement for those working in obstetrics and gynecology. *See* 42 U.S.C. § 233(g)(5)(B). Defendant Merritt is an OBGYN, qualifying for this exception. Furthermore, the United States contends that it provided Plaintiff with documentation showing that Defendant Merritt qualifies as a contractor under the FSHCAA. (Doc. 21, p. 4). Plaintiff does not respond to this contention despite being directed by the Court to address the discovery it received after filing her request for limited discovery. (Doc. 22).

Plaintiff urges the Court to consider *Alexander* as indicative of a circuit-split regarding the FSHCAA. Plaintiff alleges that the Fifth Circuit applies the "strict control test" in examining whether an individual requesting coverage through a qualified Public Health Service is an employee or a contractor. (Doc. 24, p. 3). Specifically, Plaintiff points to *Creel v. United States* as outlining the appropriate test for courts to determine whether an individual is a contractor or employee for purposes of litigation under the Federal Tort Claims Act. 598 F.3d 210 (5th Cir. 2010). However, this case considered whether an individual qualified for coverage under the *Westfall Act*, rather than under the FSHCAA. *Id*. at 212, n.1 (emphasis added). Unlike the FSHCAA, the Westfall Act excludes contractors from coverage. Therefore, the motion to substitute considered by the Fifth Circuit analyzed whether an individual was a contractor or employee of a covered entity under the Westfall Act. This test is inapplicable here because Defendants filed their motion to substitute under the FSHCAA.[5]

Plaintiff also points to *Ezekiel v. Michel* as an example of a contrary Seventh Circuit case in which the Seventh Circuit Court of Appeals held that the plaintiff bears the burden of contradicting the Attorney General's certification that a physician was acting within the scope of their employment. 66 F.3d 894, 899 (7th Cir. 1995)(citing *Hamrick v. Franklin*, 931 F.2d 1209 (7th Cir. 1991) *cert. denied* 502 U.S. 869 (1991)), overruled by *Osborn v. Haley*,

---

[5] The same analysis applies with equal force to Plaintiff's citations to *United States v. Orleans*, 425 U.S. 807, 813-814 (1976); *Woodruff v. United States*, 389 F.3d 1117, 1128 (10th Cir. 2004); *Robb v. United States*, 80 F.3d 884, 888 (4th Cir. 1995); *U.S. Tobacco Cooperative, Inc. v. Big South Wholehouse of Virginia, LLC*, 899 F.3d 236, 248 (4th Cir. 2018); and *Bryant v. United States*, No. CIV 98–1495 PCT RCB, 2000 WL 33201357 (D. Ariz. Jan. 11, 2000), each of which cite to the Westfall Act.

127 S. Ct. 881 (2007). However, in this case, the Court again examined a motion to dismiss the defendants under the *Westfall Act*. *Id*. (emphasis added).

Moreover, even if this case were applicable to the FSHCAA, the Supreme Court overruled this standard in *Osborn v. Haley*. In that case, the Court held that the Attorney General's certification conclusively establishes that a physician was acting within the scope of employment at the time of the events underlying the litigation. *See Osborn*, 127 S. Ct. at 894 (citing 28 U.S.C. § 2679 (d)(2)). Through its designee, the Attorney General has certified that Defendant Merritt acted within the scope of his employment while treating Plaintiff; that certification is conclusive of the issue. (Doc. 1, Exh. C). The parties do not require further discovery into Defendant Merritt's status as an employer or contractor under the FSHCAA because such discovery would be futile. The Court finds that the Attorney General's certification conclusively establishes both that the United States should be substituted for Defendant Merritt and that this case cannot be remanded to the Third Judicial Circuit of Madison County, Illinois.

## Conclusion

For the foregoing reasons, Defendants' motion to substitute (Doc. 3) is **GRANTED.** The Court directs the Clerk of the Court to dismiss Defendants Merritt and Southern Illinois Healthcare Foundation, Inc., with prejudice and add the United States as a defendant to this case. Plaintiff's motion to remand (Doc. 16) and motion for an extension of time to conduct limited discovery (Doc. 20) are **DENIED.**

**IT IS SO ORDERED.**

Dated:  February 17, 2021.

Digitally signed by Judge Sison 2
Date: 2021.02.17 16:24:01 -06'00'

_____
GILBERT C. SISON
United States Magistrate Judge
